NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT ALPHONSO POWELL, | No. 19-15375 |
| Petitioner-Appellant, | D.C. No. 4:18-cv-00034-JAS |
| v. | |
| DAVID SHINN, Director; MARK BRNOVICH, Attorney General, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted December 10, 2020
San Francisco, California

Before: BOGGS,** M. SMITH, and BENNETT, Circuit Judges.

Petitioner-Appellant Vincent Powell (Powell) appeals the district court's

denial of his petition for a writ of habeas corpus. We have jurisdiction under 28

U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

them here, except as necessary to provide context to our ruling. We **AFFIRM** the decision of the district court.

## Procedural Competency Claim

"It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992). "A defendant may not be put to trial unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (internal quotation marks and citation omitted).

"Where the evidence before the trial court raises a 'bona fide doubt' as to a defendant's competence to stand trial, the judge on his own motion must conduct a competency hearing." *Maxwell v. Roe*, 606 F.3d 561, 568 (9th Cir. 2010) (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). "[A] trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

On direct review, the Arizona Court of Appeals affirmed the trial court's finding of competency and decision not to hold a new competency hearing. *See State v. Powell*, 2010 WL 4323570 (Ariz. Ct. App. Oct. 29, 2010); *State v. Powell*,

2

2011 WL 982441 (Ariz. Ct. App. Mar. 21, 2011). Powell claims that this decision is "contrary to or an unreasonable application of federal law . . . or based on an unreasonable determination of fact . . . or both" under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d).

First, the decision of the state appellate court was not "contrary to . . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1). The Arizona Court of Appeals cited the relevant constitutional standards for a defendant's procedural due process right to a competency hearing. *Compare Powell*, 2010 WL 4323570, at *2, *with Maxwell*, 606 F.3d at 568 (9th Cir. 2010) (citing *Pate*, 383 U.S. at 385).

Second, the decision of the Arizona Court of Appeals was neither "an unreasonable application of[] clearly established Federal law" nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see Maxwell*, 606 F.3d at 568, 576 (treating as similar the legal-application and factual-determination paths under AEDPA for a procedural competency claim). That Powell's counsel raised concerns about his competency and that Powell was on new and varying medications at the time of trial are factors that the trial court had to consider in deciding whether Powell was entitled to a new competency hearing. *See Medina*, 505 U.S. at 450; *Maxwell*, 606 F.3d at 570. However, it was not unreasonable for the trial court, and

3

subsequently the Arizona Court of Appeals, to rely on prior psychiatric evaluations that found Powell to be malingering. A forensic psychologist determined that Powell was "capable of understanding the nature and object of the proceedings and assisting in his own defense" and that the evidence "support[ed] a diagnosis of Malingering," at least in part because of "false or grossly exaggerated symptoms." A "fairminded jurist[]," *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), could conclude that Powell's disruptive behavior before and at the start of trial was consistent with the previous diagnosis of malingering and thus did not raise a bona fide doubt as to his competency. "Given these [past] psychiatric evaluations . . . , we conclude that the trial judge's decision not to hold a competency hearing," and the appellate court's affirmance of that decision, were "not unreasonable." *Williams v. Woodford*, 384 F.3d 567, 605 (9th Cir. 2004). Under AEDPA's "highly deferential standard for evaluating state-court rulings," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citation omitted), we affirm the decision of the district court on this claim.

## Substantive Competency Claim

In addition to his procedural due process claim, Powell argues that he was actually incompetent at the time of trial. A substantive due process claim has a higher bar than its procedural due process counterpart. *See McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001) (en banc). We may consider evidence not

4

available to the trial judge contemporaneously. *See Williams*, 384 F.3d at 608. However, "we disfavor retrospective determinations of incompetence, and give considerable weight to the lack of contemporaneous evidence of a petitioner's incompetence to stand trial." *Id.*

We conclude that Powell has not proven that the trial court's continued finding of competency, and the decision of the Arizona Court of Appeals to affirm that finding, was unreasonable. Because it was not unreasonable at the time of trial to hold that there was not even a bona fide doubt as to Powell's competency, any decision to grant Powell's petition on his substantive competency claim must necessarily rely on evidence not available to the trial court.

Powell's evidence does not tip the scales in his favor. For example, Powell concedes that one *ex post* mental health evaluation "reached only tepid conclusions" and that the report did not rely heavily on Powell's contemporaneous medical records. Additionally, even if changing medications showed evidence of mental illness, Powell has not met his burden in proving that there was a "causal connection between the [illness] and his inability to understand the proceedings." *United States v. Neal*, 776 F.3d 645, 655–56 (9th Cir. 2015). We again affirm the decision of the district court.

**Involuntary Absence Claim**

"One of the most basic of the rights guaranteed by the Confrontation Clause

5

is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970). Powell renews his claim that he "did not validly waive his right to be present at his trials." The trial court's decision to remove Powell from the courtroom was based on what that court saw as his purposeful decision to disrupt the proceedings, a sign of his malingering. Thus, whether Powell was voluntarily or involuntarily absent at his trials is directly tied to his competency claim. *See Powell*, 2010 WL 4323570, at *5 ("Having already rejected Powell's incompetency premise, we necessarily reject" his absence claim). Powell concedes the same. Because the decisions of the Arizona Court of Appeals on Powell's competency claims were not unreasonable, we also affirm the decision of the district court with regard to Powell's trial absence claim.[1]

For the foregoing reasons, we AFFIRM the decision of the district court.

---

[1] Because we affirm the district court's decision on the absence issue because of its relationship to the competency issues, we need not decide whether Powell procedurally defaulted his absence claim as it relates to his second trial.